IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAMMUON EPPS, *on his own behalf and on behalf of minor children* K.A.E, D.V.G, K.A.G., D.V.G., K.G.E., L.D.E. K.I.E., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:18-CV-1017-ECM-SMD ) |
| ZACHARY COLLINS, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1]**

On December 3, 2018, *pro se* Plaintiff, Dammuon Epps, filed a Petition for Writ of Habeas Corpus (Doc. 1) seeking the seeking the "release" of his children from "the unlawful custody and detention of state agents. . . ." *Id.* at 2. On June 21, 2019, the undersigned United States Magistrate Judge construed Plaintiff's Petition for Writ of Habeas Corpus as a Complaint and directed Plaintiff to either pay the requisite filing fee or file a motion to proceed *in forma pauperis*. In response, Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 5) and a Motion to File an Amended Complaint (Doc. 4), which the undersigned granted (Doc. 6). Plaintiff then filed his Amended Complaint (Doc. 8). The Court's Order (Doc. 6) granting Plaintiff's Motion to Proceed *in forma pauperis*

---

[1] On May 15, 2019, the District Judge entered an Order (Doc. 2) referring the case to the undersigned Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate."

stayed service of process until the Court's review of Plaintiff's Amended Complaint pursuant to the provisions of 28 U.S.C. § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).  The statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Here, Plaintiff appears before this Court—yet again—in an attempt to reverse the judgment of a state court.[2]  In November 2014, the Juvenile Court of Russell County, Alabama ordered the transfer of custody of Plaintiff's six minor children to the Russell County Department of Human Resources.  (Doc. 8) at 17-18; 28-29.  Since that time, Plaintiff has sought the return of his children through a multitude of legal maneuverings in this Court, to include asserting federal subject-matter jurisdiction by alleging a litany of various constitutional violations by Defendants.  *See generally* (Doc. 8).  However, as this Court has previously explained to Plaintiff,[3] the Court lacks subject-matter jurisdiction, under the *Rooker-Feldman* and *Younger* abstention doctrines, to review the state court

---

[2] Since the initiation of proceedings against Plaintiff by the Russell County Department of Human Resources in the Juvenile Court of Russell County, Alabama in 2014, Plaintiff has endeavored to challenge the state court action in this Court on nine previous occasions by either filing a lawsuit in this Court or attempting to remove a state proceeding to this Court.  *See State of Ala. Russell Cty. Dep't of Human Res. v. Epps*, Nos. 3:14-CV-1190-WKW, 3:14-CV-1191-WKW, 3:14-CV-1192-WKW, 3:14-CV-1193-WKW, 3:14-CV-1194-WKW, 3:14-CV-1195-WKW; *Epps v. Russell Cty. Dep't of Human Res.*, No. 3:15-CV-25-MHT; *Epps v. Jones*, No. 3:17-CV-758-WKW; *Epps v. Ala. Dep't of Human Res.*, 3:18-CV-598-WKW.
[3] *See Epps v. Russell Cty. Dep't of Human Res.*, 2016 WL 335544, at *5-7 (M.D. Ala. Jan. 6, 2016.).

judgment against Plaintiff.[4]  As the United States Magistrate Judge assigned to Plaintiff's previous case so aptly observed:

> While framing the issues in terms of constitutional violations, the plaintiffs, in essence, seek to challenge the actions taken by the defendants in the Russell County Juvenile Court proceedings that resulted in the plaintiffs losing custody of their children.  The plaintiffs ask this court to reconsider the evidence, law, and alleged procedural defects in the state court action, and then enter a judgment enjoining the state defendants from enforcing the orders of the Juvenile Court.  In other words, the plaintiffs' claims all call for this court to nullify and overturn the state court's judgment on grounds that it is procedurally flawed and legally incorrect.
>
> . . . .
>
> Because the plaintiffs challenge the actions of the defendants that resulted in the loss of their children, to grant them the relief they seek, the court would ultimately have to determine that the decision of the Juvenile Court of Russell County was erroneous.  This the court cannot do.

*Epps*, 2016 WL 335544, at *6; *see also District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Goodman v. Sipo,* 259 F.3d 1327, 1333 (11th Cir. 2001) (holding that the *Rooker-Feldman* doctrine deprives district courts of subject-matter jurisdiction over claims related to child custody actions in state court); *Sigel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) ("The

---

[4] Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States.  *Kokkonen*, 511 U.S. at 377.  This Court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it.  *United States v. Hays*, 515 U.S. 737, 742 (1995); *Wilson v. Minor*, 220 F.3d 1297, 1301 n.11 (11th Cir. 2000).

doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment.").[5] Thus, the undersigned concludes that the Court cannot exercise subject-matter jurisdiction over Plaintiff's claims and, therefore, Plaintiff's Amended Complaint (Doc. 8) is due to be dismissed.[6]

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Amended Complaint (Doc. 8) be DISMISSED and Plaintiff's Motion to Appoint Guardian ad Litem (Doc. 7) be DENIED as MOOT. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to this Recommendation **on or before August 26, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the

---

[5] "Family relationships are an area of state concern, and the state has a compelling interest in removing children who may be abused." *Foy v. Holston*, 94 F.3d 1528, 1536 (11th Cir. 1996) (citing *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987)). "Likewise, '[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations.'" *Id.* at 1536-37 (quoting *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir.1993)). Plaintiff has an adequate remedy at law because he may pursue all his constitutional claims through the state court system and, if necessary, appeal directly to the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271-72 (11th Cir. 2009).

[6] The undersigned concludes that allowing Plaintiff an opportunity to correct the identified deficiencies before dismissing his Amended Complaint would be futile because Plaintiff cannot change the facts in this case such that this Court could properly assert subject-matter jurisdiction. *See Fenn v. U.S. Bank Nat'l Ass'n*, 2016 WL 4942055, at *4 (M.D. Fla. Aug. 23, 2016) (citing *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014)) (denying the plaintiff's motion for leave to amend because "the [c]ourt lacks subject matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine, and leave to file a second amended complaint would be futile"); *see also Brown v. Coffin*, 766 F. App'x 929, 930 (11th Cir. 2019).

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

    Done this 12th day of August 2019.

                                                  /s/ Stephen M. Doyle
                                                  UNITED STATES MAGISTRATE JUDGE